■ JOSEPH MORETTI, Respondent, v GREGORY BOWAN, Appellant, et al., Defendants.—Order, Supreme Court, New York County (Leonard Cohen, J.), entered April 2, 1990, granting plaintiff's motion to restore the action to the Trial Calendar, is unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of granting plaintiff's motion upon providing defendant with updated medical reports within 30 days of service of a copy of this order, and otherwise affirmed without costs.

In August 1985, plaintiff commenced this action against various defendants to recover damages for personal injuries sustained in a multivehicle accident in Greenwich Village. Upon plaintiff's failure to appear at two calendar conferences on October 25, 1988 and January 23, 1989, the matter was marked off the Trial Calendar. Since the matter was on the Trial Calendar, as a note of issue and a certificate of readiness had been filed on April 13, 1988, a presumption arose that all pertinent discovery had been completed and that all relevant information had been shared. Nevertheless, when plaintiff moved to restore the action, he admitted to having undergone "further medical testing and medical treatment by different physicians" during the nearly 11 months that had elapsed from the date that the case was marked "off".

Under the facts herein, the IAS court improvidently exercised its discretion in restoring the action to the Trial Calendar without compelling plaintiff to produce all recent medical

documentation, as requested by defendant, to avoid any potential prejudice.

Accordingly, the motion to restore should be conditionally granted upon the filing of a proper medical affidavit and production of updated medical reports to defendant. Concur—Kupferman, J. P., Carro, Kassal, Ellerin and Smith, JJ.